UNITED STATES DISTRIT COURT

EASTERN DISTRICT OF PENNSYLVANIA (Philadelphia)

CIVIL DOCKET FOR CASE # 2:16-cv-06345-WB

| | |
|---|---|
| **TRACY SWIFT-MERRICK** | **CIVIL ACTION** |
| **Plaintiff** | |
| V. | |
| **AGORA CYBER CHARTER SCHOOL AND** | NO.16-6345 |
| **K12 INC.** | |
| **Defendants** | |

## PLAINTIFF RESPONSE TO DEFENDANT AGORA CYBER CHARTER SCHOOLAND K12 INC., MOTION TO DISMISS

Plaintiff, Tracy Swift-Merrick request this Court to continue with the Complaint filed on December 7, 2016 and deny Defendant Agora Cyber Charter School and K12 Inc., request to dismiss case with prejudice for reasons stipulated in Plaintiff Tracy Swift- Merrick's Brief in Support of its Motion to deny the request of the Defendant Agora Cyber Charter School and K12 Inc., Motion to Dismiss.

Respectfully Submitted,

*Tracy Swift-Merrick* [signature]

Tracy Swift-Merrick

Dated: August 18, 2017

UNITED STATES DISTRIT COURT

EASTERN DISTRICT OF PENNSYLVANIA (Philadelphia)

CIVIL DOCKET FOR CASE # 2:16-cv-06345-WB

TRACY SWIFT-MERRICK

    Plaintiff

v.                                        Civil Action No: 16-6345

AGORA CYBER CHARTER SCHOOL AND

K12 INC.

    **Defendants**

## PLAINTIFF TRACY SWIFT-MERRICK BRIEF IN SUPPORT OF THE MOTION TO DENY DEFENDANTS REQUEST FOR MOTION TO DISMISS WITH PREJUDICE

I. Procedural History

Plaintiff Tracy Swift-Merrick filed complaint in the United States District Court for the Eastern District of Pennsylvania on December 7, 2017. Plaintiff's requests of Court grant Motion to reopen complaint on April 11, 2017. Service was to be made to Defendant Agora Cyber Charter School and K12 Inc., by May 15, 2017 and signed by 7 year Administrative/Attendance employee Daisy Crespo. Daisy Crespo was advised by administration to accept service of Complaint in which Plaintiff received signature of service of Complaint to Defendants.

## II. STATEMENT OF FACTS

Plaintiff asserts basis of Complaint is that Defendant terminated Plaintiffs employment with Agora Cyber Charter School and K12 Inc., for contacting the EEOC on two (2) separate occasions the most current filing Is EEOC Charge No.# 530-2016-00350 which was Not the initial charge the Defendant has stated of Race and Age Discrimination. EEOC # 530-2014-00401.

The second charge was filed for employment termination as a result of providing documentation of the actions, behaviors and practices of Agora Cyber Charter School and K12 Inc., per the request of the EEOC Supervisory Investigator. These documents were emailed from Plaintiff's work computer to EEOC and discovered by Defendant's Tech Department.

Plaintiff alleges termination was due to contact with outside government agencies under the (Whistleblower) Law.

## III. ANSWERS TO DEFENDANTS STATEMENT OF QUESTIONS INVOLVED

A. Pursuant to Fed. R. Civ. P. 12(b)(5) and Fed. R. Civ. P. 4, Should this Court Dismiss Plaintiff's Complaint for Insufficient Service of Process?

>Answer: No. - Service was made to Defendant by deadline assigned by court and filed with court in timely manner

B. Pursuant to Fed. R. Civ. P 12(b)(6) Should this Court Dismiss the Claims in Plaintiff's complaint for Failure to Exhaust Administrative Remedies.

>Answer-NO Plaintiff provided EEOC Charge # of Initial complaint filed in 2014- reference EEOC Charge # 530-2014-00401. Plaintiff was REPRESENTED BY SID GOLDMAN FOR

initial charge of which mediation occurred and settlement was offered on initial charge in which Plaintiff denied in lieu of maintaining employment.

C. Pursuant to Fed. R. Civ. P. 12 (b)(6), Should this Court Dismiss the Claims in Plaintiff's complaint Where Defendant Alleges Plaintiff has failed to Allege Sufficient Facts to Support a Claim of Disparate Treatment of Race Discrimination of a Hostile Work Environment Based upon Race?

    ANSWER: NO. Defendant admitted to Hostile work environment in initial EEOC Complaint.

D. Pursuant to Fed. R. Civ. P. 12(b)(6), Should this Court Dismiss the Claims in Plaintiff's Complaint Where Plaintiff has Failed to support a Claim of Age Discrimination.

    ANSWER: NO. Plaintiff's Complaint against Defendant was for employment termination as filed under second EEOC Charge #530-2016-00350, not initial charge Defendant is asserting.

E. Pursuant to Fed. R. Civ. P. 12(b)(6), Should this Court dismiss the claims in Plaintiff's Compliant where Plaintiff has failed to allege sufficient facts to support a claim of retaliation?

    ANSWER: NO. Plaintiff has submitted EEOC charge # 530-2016-00350 which was filed on date of termination by Defendant with a charge of Retaliation for document submission to EEOC.

## III. LEGAL ARGUMENT

Plaintiff is requesting the Court to deny Defendants Motion to Dismiss with Prejudice based on factual information provided by Plaintiff to support allegations of wrongful termination resulting from the submission of documentation (emails) requested by the EEOC supervisory investigator.

Plaintiff states on October 12, 2015 approximately 12 Noon, emails and supporting documentation was requested by and sent to EEOC Supervisory Investigator. On October 15, 2015 at 10:30 am Plaintiff was in her office, when new Human Resources Manager entered Plaintiffs office AND TERMINATED Plaintiff after being notified emails sent to EEOC were tracked by Defendants Management.

Plaintiff states Defendant attempted to block Unemployment of Plaintiff based on Defendants allegations of insubordination of which there is no signed supporting documentation between Plaintiff and Defendant. Defendants request to deny unemployment was denied and Plaintiff was granted Unemployment Compensation.

Plaintiff states Defendant was served on May 15, 2017 and received by Daisy Crespo 7 year employee of Agora Cyber Charter School and K12 Inc. Proof of Service was designated for NEW HUMAN RESOURCES MANAGER, Laurie Smith. At time of service Ms. Smith was in a meeting per Daisy Crespo and service of Complaint was signed for and accepted by Daisy Crespo.

PROOF OF SERVICE AS STIPULATED BY: Fed. R. Cv. P. 4 (1) AO (REV. 12/09) Summons in a Civil Action, (page 2) first line States:

I (PLAINTIFF) PERSONALLY SERVED THE SUMMONS ON THE INDIVIDUAL AT (PLACE) Agora Cyber Charter School. Plaintiff states Defendant received service in timely matter, and document accepted and received by Court.

Defendant alleges improper service dated May 18, 2017 and cannot be a party in a summons and complaint. Defendant has incorrect date of service listed in Complaint.

Defendant alleges improper service of Complaint as to Daisy Crespo not being an officer or representative of authority. Plaintiff states all known staff at time of termination, has since left Defendants employment. Plaintiff states request of new Human Resources Manager was requested and given of Laurie Smith. Plaintiff states Employee Daisy Crespo, Attendance Administrator sought guidance from Administration and was advised to accept service.

Plaintiff file for Motion to Reopen Complaint and was granted Motion. Plaintiff submitted written documentation to court regarding Plaintiffs spouse medical condition.

Plaintiff with HIPPA WAIVER FROM SPOUSE, can and will provide supporting documentation of medical condition. Plaintiff denies any and all of Defendants allegations Plaintiff intentionally and willfully attempted to delay Complaint causing "UNKNOWN" detriment to Defendant.

## IV. PLAINTIFFS REQUEST FOR ADMNISTRATIVE ASSISTANCE

The Defendant states Plaintiff didn't exhaust all required administrative remedies before bringing a claim for judicial relief is without merit and totally incorrect.

Plaintiff can substantiate, provide emails and conference dates which occurred bi-weekly with K12 Inc. Management in which Head of School attended conference.

Plaintiff can provide emails requesting and phone records of contact made to Agora Cyber Charter School Board Chairperson.

Plaintiff can provide and substantiate allegations submitted to Head of School Human Resources, K12 Inc. Management Herndon, Virginia, regarding retaliation and hostile work environment in which K12 Inc., sent Human Resources Supervisor was sent for mediation and found in Plaintiffs favor against immediate Supervisor of time of employment, Christina Rivera

Plaintiff can provide emails requesting meeting with new Head of School Kevin Corcoran after employment separation of Sharon Williams

Plaintiff can provide documentation requesting administrative assistance with New Administration that was chosen by Board of Directors after Department of Education determination to potentially "CIOSE SCHOOL".

Plaintiff can provide names of witnesses that under subpoena and fear of retaliation from Defendant can corroborate Plaintiff allegations

Plaintiff asserts Defendant also terminated Plaintiff because Plaintiff agreed to if called to testify under oath against Defendant in a court case brought on by a different Plaintiff.

V. FILING OF CHARGES WITH EEOC.

Defendant's allegations of filing of charges are misleading and incorrect. The Initial charge #530-2014-00401, was filed while employed by Agora Cyber Charter School under the advisement of the then Human Resources Generalist Fred Knowotowski who also is listed in EEOC complaint of the many endless attempts by Plaintiff to find relief and resolution.

Defendant alleges the initial EEOC Charge No. #530-2014-00401 has no relation to second EEOC Charge No. #. 530-2016-00350.

Plaintiff states in supporting documents filed, on second charge with EEOC, termination was a "direct result of providing tracked emails.

Plaintiff can provide documentation of email that was sent at the same time to both Defendants and EEOC Supervisory Investigator William Busurd and within 24 hours of EEOC documentation submission, Plaintiff was terminated.

Plaintiff states both charges were being handled by Edward Medina at the request of EEOC Supervisory Investigator Manager, William Busurd.

Plaintiff states permission was given by EEOC Supervisory Investigator Manager, William Busurd as a witness for Plaintiff when request was being determined by the Department of Labor and

Industry, Office of Unemployment Compensation Benefits. as to the occurrence which resulted in Plaintiffs firing.

Plaintiff was granted Unemployment Relief applied for on October 11, 2015 and granted on November 2, 2015. Defendant was charged with and failed to substantiate claim of willful misconduct or provide burden of proof that the Plaintiffs actions was a willful disregard of the Employers interests, a deliberate violation of the Employers rules, a disregard of standards of behavior which the Employer has a right to expect. The findings of fact as stated on Notice of Unemployment Determination which also supports Plaintiff assertions of retaliation:

The Claimant last worked on October 12, 2015, The Claimant was discharged for filing a complaint

The claimant was working at the time of the incident that caused her separation.

There was insufficient information provided to show whether Claimants actions showed a disregard of standards of behavior that the Employer has a right to expect

There was insufficient information provided to show whether Claimants actions showed a disregard of the Employer's interest.

Therefore, Plaintiffs had done her due diligence in numerous attempts to resolve any and all issues with Defendant as stipulated in both charges filed with the EEOC regarding race discrimination, age discrimination, hostile work environment and termination of employment.

Plaintiff continuously requested Defendant's intervention to resolve daily issues involving manager Christina Rivera ( has since been separated from Defendant's employment)

VI. This Court should Grant Defendant's Motion to continue with Compliant regarding Race Discrimination, Hostile Work Environment and Retaliation.

Plaintiff was hired as the Truancy/ Attendance Manager and begun employment with Agora Cyber Charter School under K12 Inc. Management under signed contract by Sharon Williams Head of School in August 1, 2010. Plaintiffs went through a rigorous betting process with several levels of interviews and was given the position.

Plaintiff was 1 of 2 African-American Females in any position of management out of over 500 plus employees. It was stated that Plaintiff was brought and granted position to diversify staff as stipulated by Charter submitted to Department of Education. At that time Cristina Rivera was Plaintiffs next door office mate. At the success of the Truancy Program created by Plaintiff, Plaintiff was advised by Head of School Sharon Williams after Plaintiff left Directorship at previous employer, she wasn't going to honor signed contract and if "I didn't Like it, I can leave". As a result of my questioning, Plaintiff was demoted and Christina Rivera became manager. Plaintiff was advised that if I didn't provide personal established contacts I'd be terminated.

Plaintiff witnessed and can provide names of persons that were terminated as a result of Hostile Work Environment.

Plaintiff and employees were told to "LIE" to auditors from Department of Education regarding statistics.(Recordings on internet)

Plaintiff was hollered at on several occasions, name called and salary put on powerpoint for all to see.

Plaintiff was consistently demeaned, degraded and separated from team

Plaintiff was forced to work long hours, driving thousands a miles to conduct duties and responsibilities.

Plaintiff was almost arrested by court for failure to appear by subpoena, issue submitted to management and documented.

Plaintiff was ridiculed and labeled by management as a trouble maker.

Conclusion,

Plaintiff is willing at request of Defendant to provide any and names including documentation to support complaint. Defendant has not contacted Plaintiff for mediation of Complaint.

Plaintiff requests Defendants Motion to Dismiss with Prejudice be denied.

Respectfully Submitted

*Tracy Swift-Merrick*

Tracy Swift-Merrick

Dated: August 18, 2017